UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GERALDINE IMOYA MONROQUE,

                           Plaintiff,

              -against-

LIONSGATE TELEVISION INC.; POWER
BOOK III (RAISING KANAN),

                           Defendants.

23-CV-7017 (VSB)

ORDER OF SERVICE

VERNON S. BRODERICK, United States District Judge:

        Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 (Title

VII), 42 U.S.C. §§ 2000e to 2000e-17; the Americans with Disabilities Act of 1990 (ADA), 42

U.S.C. §§ 12112-12117; and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to

297.  She alleges that Defendants discriminated against her based on her religion and disability.

By order dated August 11, 2023, the Court granted Plaintiff's request to proceed *in forma*

*pauperis* (IFP), that is, without prepayment of fees. (Doc. 3.)

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised.  *See*

Fed. R. Civ. P. 12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

### A.    Claims against Defendant "Power Book III (Raising Kanan)"

Plaintiff names as a defendant "Power Book III (Raising Kanan)," which appears to be the name of the television series on which Plaintiff was "booked" to work.  (Doc. 1 at 5.) Plaintiff has not identified an address for service on this defendant, and the television series does not appear to be an entity with legal existence.  "Capacity to be sued and legal existence are separate and distinct concepts.  Both capacity to be sued and legal existence are prerequisites to the suability of an entity."  *Roby v. Corp. of Lloyd's*, 796 F. Supp. 103, 110 (S.D.N.Y. 1992).  A party "must first be found to have legal existence before the question of capacity to sue or be sued can arise" *Fifth Jud. Dist. Drug Task Force*, 255 F.3d 475, 477 (8th Cir. 2001); *see Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 384 (2d Cir. 2021) ("[W]ithout legal existence, the Dissolved Funds lacked standing to sue."); *House v. Mitra QSR KNE LLC*, 796 F. App'x 783, 787 (4th Cir. 2019) ("The most elemental requirement of adversary litigation is that there be two or more parties," meaning that "[a]bsent a plaintiff with legal existence, there can be no Article III case or controversy."  (quoting Wright & Miller § 3530)).  The Court therefore dismisses Plaintiff's claims against "Power Book III (Raising Kanan)" without prejudice on the ground that this defendant lacks legal existence, and therefore also lacks the capacity to be sued.

**B.      Service on Defendant Lionsgate Television, Inc.**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on

the Court and the U.S. Marshals Service to effect service.[1]  *Walker v. Schult*, 717 F.3d. 119, 123

n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals

Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant Lionsgate Television, Inc. through the

U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service

Process Receipt and Return form (USM-285 form) for Defendant.  The Clerk of Court is further

instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary

for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons is issued,

Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63

(2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for

service).

Plaintiff must notify the Court in writing if her address changes, and the Court may

dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against Defendant "Power Book III (Raising

Kanan)" without prejudice.  The Clerk of Court is directed to issue a summons, complete the

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that service be effected within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not effect service until the Court reviewed the complaint and ordered that any summonses be issued.  The Court therefore extends the time to serve until 90 days after the date any summonses are issued.

USM-285 form with the address for Defendant Lionsgate Television, Inc., and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 21, 2023
         New York, New York

_____
VERNON S. BRODERICK
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

1. Lionsgate Television, Inc.
  2700 Colorado Avenue, 2nd Floor
  Santa Monica, CA 90404