UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                                                                        :
GERALDINE IMOYA MONROQUE,                           :

                         Plaintiff,                 :                  23-CV-07017 (JAV)

                -v-                                :                  <u>ORDER</u>

LIONS GATE TELEVISION, INC.,                             :

                         Defendant.              :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

       On January 28, 2025, Defendant Lions Gate Television Inc. ("Defendant") submitted an informal conference request to address a discovery dispute with Plaintiff Geraldine Imoya Monroque's ("Plaintiff") failure to produce documents in her control. ECF No. 37. Defendant requested Plaintiff's medical and work history because Plaintiff alleges that Lions Gate discriminated against her by requiring that she be vaccinated for COVID-19 as a condition of employment. *Id*. On January 31, 2025, Plaintiff filed a letter asserting her objections to Defendant's requests and requested documents from the Defendant. ECF No. 39.

       On February 3, 2025, this Court ordered the parties to appear for a conference. ECF No. 40. The conference was held by telephone on February 6, 2025. Prior to the conference, Defendant was instructed to submit the specific discovery requests to which Defendant was seeking to compel responses. ECF No. 40. Defendant submitted a letter on February 5, 2025, in response to the Court's February 3, 2025 Order. ECF No. 42. Defendant's letter sought an order compelling Plaintiff to produce documents responsive to the following Requests for Production ("RFP"):

- **Medical History**

    - **RFP 2:** All documents and communications concerning any vaccine or immunization that You have ever received, either as a minor or as an adult, including without limitation a copy of Your complete vaccination or immunization record.

    - **RFP 5:** All documents and communications concerning the diagnosis and treatment of any medical, dental, or behavioral health condition You may have, whether or not encompassed by the Relevant Period , including but not limited to all documents and communications concerning medical treatment rendered by Drs. Keith LaScalea and Michael Kim, of Weill Cornell Medicine, and Nurse Practitioner Gibert Endrigo, of NYU Langone Health.[1]

    - **RFP 6:** Documents sufficient to identify every prescription medication that You have either taken or purchased in the past ten (10) years.

    - **RFP 34:** All documents, including communications, concerning Your contention in the Complaint that "Plaintiff has a history of Auto-immune disease, which "can be triggered by vaccination, medication and stress."

- **Work History**

    - **RFP 8:** Documents sufficient to identify all film and television productions on which You have worked since February 8, 2023, including (i) the name of each such production; (ii) each production location at which You worked; (iii) the dates of all work You performed; and (iv) the rates of pay that You received for Your work on each such production.

---

[1] Defendant writes that Plaintiff identified these treatment providers in her initial disclosures.

2

- **RFP 9:** Documents sufficient to identify all film and television productions on which You have sought, but not been permitted, to work from September 21, 2020, through the present, including (i) the name of each such production; (ii) the location of each such production; and (iii) the dates for which You sought to work on each such production.

- **RFP 38:** A resume or curriculum vitae ("CV") sufficient to identify all television, film, and stage productions in which You have appeared, irrespective of whether such appearances predate the Relevant Period.

Plaintiff subsequently submitted a letter to the Court on February 6, 2025, outlining her challenges and presenting her arguments for limiting her productions to documents she deemed relevant to this case. ECF No. 43.

The parties met with the Court on February 6, 2025, regarding the issues raised in Defendant's January 28, 2025 Letter and Plaintiff's January 31, 2025 Letter, ECF Nos. 37 and 39, respectively. At the conference, Plaintiff represented that she did not have any additional medical records in her possession, beyond what she had already produced to the Defendant. She indicated that any such records would be in the possession of her medical provider.

In her Amended Complaint, Plaintiff brings a claim for discrimination on the basis of "disability status" under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"). She alleged that her "disability or perceived disability is Autoimmune Disease." Am. Compl. at 4. The Amended Complaint further alleged that Plaintiff's Autoimmune Disease "can be triggered by vaccination, medication and stress." *Id.* at 9. She alleges that Defendant failed to accommodate her disability. *Id.* at 5.

At the conference, Plaintiff confirmed that she wanted to proceed with her claim of

disability discrimination. Plaintiff nonetheless objected to the production of her medical records, including records related to her prior vaccinations and her Autoimmune Disease, on grounds of relevance. Yet evidence regarding her alleged disability goes to the heart of her ADA claim. A plaintiff asserting a claim of discrimination under the ADA must prove, among other things, that the plaintiff "suffers from or is regarded as suffering from a disability within the meaning of the ADA." *Capobianco v. City of New York*, 422 F.3d 47, 56 (2d Cir. 2005). Defendant is entitled to probe whether Plaintiff in fact suffers from a disability within the meaning of the ADA. *See Burgess v. Goodman*, Civil No. 18-cv-6584 (VEC), 2019 WL 719199, at *3 (S.D.N.Y. Feb. 20, 2019) (dismissing ADA action for failure to prosecute where plaintiff failed to comply with court orders to provide HIPAA release forms for medical records, as "information demonstrating whether she is actually an individual with a disability" is "fundamental to Plaintiff's claims and Defendant's defenses").

Plaintiff also objected to producing records relating to her employment history, both before and after the termination of her employment with Lions Gate, on grounds of relevance. Yet such records bear on the issue of damages, including the proper calculation of any back pay award and whether Plaintiff had exercised reasonable diligence in to mitigating her damages.

Accordingly, as discussed at the February 6, 2025 Conference, it is HEREBY ORDERED that:

- Defendant shall reproduce to Plaintiff the documents it claimed it produced last week as soon as possible, but no later than **Monday, February 10, 2025**.

- After reviewing that production, Plaintiff may submit a letter to the Court by **Tuesday, February 18, 2025**, if she wishes to challenge the adequacy of Defendant's responses to her discovery requests. In that letter, Plaintiff should also notify the

4

Court if she is requesting authorization to question Lions Gate or its employees through written questions or interrogatories.

- Defendant shall provide Plaintiff with HIPAA-compliant medical-records release forms for the medical providers previously disclosed by Plaintiff by no later than **February 10, 2025.** The release forms shall be limited to 1) Plaintiff's vaccination and immunization records; 2) records related to medications Plaintiff has been prescribed in the past 10 years; and 3) Plaintiff's medical records for the past five years, including records related to any diagnostic testing, examinations, treatment, or images, for the past 10 years.

- Plaintiff must sign and return the HIPAA medical-records release forms to the Defendants by no later than **February 17, 2025**.

- Plaintiff shall produce to Defendant any documents in her possession that are responsive to RFPs 8, 9, 38 by no later than **February 17, 2025**.

SO ORDERED.

Dated: February 7, 2025
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

5