```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
GERALDINE IMOYA MONROQUE,                                         :
                                                                  :
                           Plaintiff,                             :     23-CV-07017 (JAV)
                                                                  :
           -v-                                                    :     ORDER
                                                                  :
LIONSGATE TELEVISION, INC.,                                       :
                                                                  :
                           Defendant.                             :
------------------------------------------------------------------X
```

JEANNETTE A. VARGAS, United States District Judge:

On February 18, 2025, the *pro se* Plaintiff submitted an application for counsel. *See* ECF No. 48. In determining whether to grant an application for counsel, the Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, h[er] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam). As a threshold matter, in order to qualify for counsel Plaintiff must demonstrate that the claim had "substance" or "some chance of success." *See Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 204 (2d Cir. 2003) (quotation marks and citation omitted). In reviewing a request for counsel, the Court must be cognizant of the fact that volunteer attorney time is a precious commodity and, thus, should not grant a request for counsel indiscriminately. *Cooper*, 877 F.2d at 172. A more fully developed record will be necessary before it can be determined whether Plaintiff's chances of success warrant her request for counsel.

On February 6, 2025, the Court held a telephonic conference with the parties regarding the issues raised in Defendant's January 28, 2025 Letter and Plaintiff's January 31, 2025 Letter,

ECF Nos. 37 and 39, respectively. Plaintiff objected to producing her medical records and employment history on the grounds of relevance.

Following the February 6, 2025 Conference, this Court ordered the Plaintiff to:

- Submit a letter to the Court by Tuesday, February 18, 2025, if she wishes to challenge the adequacy of Defendant's responses to her discovery requests. In that letter, Plaintiff should also notify the Court if she is requesting authorization to question Lions Gate or its employees through written questions or interrogatories.

- Sign and return the HIPAA medical-records release forms to the Defendants by no later than February 17, 2025.

- Produce to Defendant any documents in her possession that are responsive to RFPs 8, 9, 38 by no later than February 17, 2025.

*See* ECF No. 44.

To the extent that Plaintiff's letter of February 28 can be construed as a motion to reconsider the Court's order compelling Plaintiff to produce the requested discovery, that motion is denied. A motion for reconsideration must set forth "concisely the matters or controlling decisions which the moving party believes the court has overlooked." Local Rule 6.3. "A Rule 6.3 motion is 'not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved.'" *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000). Plaintiff's letter does not point to any controlling authority that the Court overlooked in ordering Plaintiff to produce discovery. Rather, her letter largely relies upon the same arguments that were made in her prior submission and at the February 6 conference, which the Court has already rejected.

Plaintiff again asserts her privacy interest in her medical records. ECF No. 48. Although Plaintiff does have a privacy interest in her medical records, that interest is waived when a litigant affirmatively puts her physical condition at issue in litigation. *See, e.g.*, *Vargas v. United States*, 401 F. Supp. 3d 346, 347 (E.D.N.Y. 2018) (citing cases). By asserting claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, Plaintiff has put at issue whether she in fact is an individual with a disability within the meaning of the statute. As stated at the conference and in this Court's February 7, 2025 Order (ECF No. 44), a plaintiff asserting a claim of discrimination under the ADA must prove, among other things, that the plaintiff "suffers from or is regarded as suffering from a disability within the meaning of the ADA." *Capobianco v. City of New York*, 422 F.3d 47, 56 (2d Cir. 2005). Contrary to Plaintiff's assertions, Plaintiff does have the burden of proof on this issue, as she does for every element of her claims as a civil plaintiff. *See, e.g.*, *Sista v. CDC Ixis North America, Inc.*, 445 F.3d 161, 169 (2d Cir. 2006). Accordingly, Defendant may obtain records from Plaintiff's medical providers relating to her autoimmune condition and her vaccination history. *See Burgess v. Goodman*, Civil No. 18-cv-6584 (VEC), 2019 WL 719199, at *3 (S.D.N.Y. Feb. 20, 2019) (dismissing ADA action for failure to prosecute where plaintiff failed to comply with court orders to provide HIPAA release forms for medical records, as "information demonstrating whether she is actually an individual with a disability" is "fundamental to Plaintiff's claims and Defendant's defenses").

According to the letter filed by Defendant on February 20, 2025, Plaintiff has not complied with the Court's February 7 Order. ECF No. 49. Specifically, Defendant alleges that Plaintiff has not completed the HIPAA release forms and returned them to Lions Gate, nor has she made any supplemental document production of materials reflecting her work history. *Id.*

Plaintiff is reminded that, as stated at the February 6, 2025 Conference, failure to provide

the HIPPAA release forms to Defendant could result in the dismissal of any disability claim that she is asserting in this case. Additionally, failure to provide her employment records could preclude her from pursuing claims from either front or back pay.

Accordingly, it is hereby ORDERED that:

- Plaintiff's February 18, 2025 application for counsel is DENIED without prejudice to renewal at such time as the existence of a potentially meritorious claim may be demonstrated.

- Plaintiff's February 18, 2025 Letter requesting the Court to reconsider its February 7, 2025 Order is DENIED.

- Plaintiff's request for an extension of time to comply with this Court's February 7, 2025 Order is also DENIED.

- Plaintiff shall comply fully with the Court's February 7, 2025 Order by **Friday, March 7, 2025.**

SO ORDERED.

Dated: February 25, 2025
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

4