```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
GERALDINE IMOYA MONROQUE,                                         :
                                                                  :
                        Plaintiff,                                :    23-CV-07017 (JAV)
                                                                  :
            -v-                                                   :    ORDER
LIONSGATE TELEVISION, INC.,                                       :
                                                                  :
                        Defendant.                                :
------------------------------------------------------------------X
```

JEANNETTE A. VARGAS, United States District Judge:

The Court is in receipt of *pro se* Plaintiff's request for an extension of the deadline to disclose expert witnesses. ECF No. 54. Expert discovery closed on May 23, 2025. ECF No. 45.

"A district court has broad discretion in deciding whether good cause exists to amend the scheduling order and reopen discovery." *Tatintsian v. Vorotyntsev*, No. 1:16-CV-7203-GHW, 2021 WL 780139, at *4 (S.D.N.Y. Jan. 27, 2021). A party seeking to reopen discovery must show that the failure to obtain the needed discovery "was not caused by the party's own lack of diligence." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 79 (S.D.N.Y. 2012). That is, the parties "seeking to reopen discovery must show why the court's deadlines could not reasonably have been made despite their diligence." *136 Field Point Circle Holding Co. LLC v. Razinski*, No. 21 Civ. 11076 (JHR), 2024 WL 182131, at *2 (S.D.N.Y. Jan. 17, 2024) (cleaned up). In determining whether good cause exists to reopen discovery, courts also consider the moving party's explanation for failing to comply with the scheduling order, their diligence in seeking a modification to the schedule, the importance and relevance of the additional discovery sought, whether the party seeking the additional discovery has had an adequate opportunity for discovery, prejudice to the party opposing the request, and

the imminence of trial. *Rubik's Brand Ltd. v. Flambeau, Inc.*, 329 F.R.D. 55, 58 (S.D.N.Y. 2019).

Plaintiff has indicated that her inability to comply with the deadline for expert disclosures was due to illness and a lack of resources. ECF No. 54. In light of these representations, and the relevance of expert discovery in a case involving claims for failure to accommodate Plaintiff's disability, the Court grants the motion to reopen discovery and to amend the case management plan. Accordingly, the deadlines in the case management plan are modified as follows: all expert discovery shall be completed no later than **July 14, 2025**. Additionally, any dispositive motions shall be due by **August 28, 2025**, oppositions to dispositive motions shall be due by **October 14, 2025**, and reply papers shall be due **October 28, 2025**.

SO ORDERED.

Dated: June 2, 2025
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge